WEED and Others *v.* EDMONDS.

The petition of an administrator to sell lands for the payment of debts, described the land as follows: "South-east quarter of sect. 19, T. 12: 9," and did not state the county or state in which the land was situate. *Held*, that the description was insufficient.

A petition of this kind was required, by the R. S. 1843, to be verified by the oath of the administrator.

A party by contesting such a petition will be presumed to have waived such verification, but he will not if he did not appear.

The rule in equity that the case made must be consistent with the bill, applies also to such a proceeding.

ERROR to the *Vigo* Probate Court.

DAVISON, J.—*Samuel W. Edmonds*, administrator of the estate of *Cyrenus W. Chapin*, deceased, filed a petition

alleging that no personal assets belonged to said estate, but that *Chapin* died seized of certain land, viz., "The south-east quarter of sect. 19, T. 12: 9," worth 1,000 dollars. That *Elisha Parson et al.*, at the *May* term, 1824, recovered a judgment in the *Vigo* Circuit Court against the said *Chapin* for 3,061 dollars, &c., which is unpaid, and has been duly presented to the administrator for payment. That *Chapin*, at his death, left the following named heirs, viz., *Thaddeus Weed*, *Louisa Weed*, *James Weed*, *Amelia Weed*, *Charles Pickering* and *Catharine Pickering*, who are non-residents. That *Thomas* and *William Mc-Quilkin* pretend to have some claim to or interest in the land. The prayer is, that the said heirs, and also the *McQuilkins*, be made defendants, &c.; and that they be notified, &c., to show cause why said real estate may not be made assets, &c. The petition was not verified by oath or affirmation.

The heirs being non-residents, were notified by publication, and having failed to appear, were defaulted. The *McQuilkins* answered. Their answer sets up that the east half of said land was, in the year 1824, sold for taxes; that one *Samuel McQuilkin*, the father of the respondents, at his death held the same by title derived from that sale. They claim from him by descent. In the lifetime of *Samuel McQuilkin*, *Thaddeus Weed et al.*, heirs at law of said *Chapin*, brought ejectment against him in the *Vigo* Circuit Court for said east half, and obtained a judgment. Then he exhibited his petition in said Court, under the occupying claimant law; but he died before final disposition thereof. Since his death, the respondents presented their petition, in that behalf, in the same Court; and such proceedings were thereon had, that the value of the land was found to be 320 dollars, and of the improvements thereon 810 dollars. That the time fixed by the Court within which the successful claimants should pay for said improvements had elapsed; and the time of payment for the land was also designated, but had not expired. The respondents allege that they will pay said 320 dollars when it becomes due, and they

are willing that the administrator of *Chapin* shall have it; but they object to the sale, &c.

The cause was submitted, &c., and the Court found the answer to be true; and the petitioner having waived his right to an order for the sale of the said east half, it was ordered that the *McQuilkins* should pay the 320 dollars to said administrator within one hundred and twenty days. And upon proof, it was further ordered that the west half of said land be made assets, &c., and that it should be sold, &c.

The land in question is described as the "South-east quarter of sect. 19, T. 12: 9." This description is objected to as insufficient. The objection is well taken. The statute relative to the objects of this petition, requires that "a description of the real estate liable to be made assets," &c., "shall be set forth in the petition." R. S. 1843, c. 30, s. 221. The location of the premises should be pointed out with some degree of certainty, otherwise the record does not present a foundation upon which a title will likely rest without dispute. The words and figures used in the record as descriptive of the land, do not show that it is within *Vigo* county, or even within the state. Therefore, it is left uncertain whether the cause of action was properly before the Court. Again, the petition should have been verified. The language of the statute is, "such petition shall be verified by the oath or affirmation of the administrator presenting the same." R. S. 1843, c. 30, s. 222. It is true, this verification may be waived. Where a party appears and contests the suit, such waiver will be presumed. But in the case before us, the non-resident defendants did not appear. As to them the petition must be considered insufficient.

Another ground is taken against the validity of these proceedings. It is alleged that the order directing the payment of 320 dollars, is erroneous. We are of that opinion. In support of the order in question, the petition makes no case. It states that the *McQuilkins* set up some claim, &c., to the land, but alleges nothing relative to the 320 dollars. In equity, the principle is well settled

that the relief granted must be agreeable to the case made by the bill, and not different. Mitford 24.—*James v. McKernon*, 6 Johns. R. 543.—19 *id*. 505. We think the rule just stated is applicable to this proceeding.

*Per Curiam.*—The decree is reversed with costs. Cause remanded, &c.

*A. Kinney, S. B. Gookins*, and *J. P. Usher*, for the plaintiffs.

*C. W. Barbour*, for the defendants.