## DICE *v.* MORRIS and Another.

PRACTICE.—*Cross Complaint.*— *Vendor and Purchaser.*—*Mistake.*— *Trial.*—Suit by A. against B. and C., to quiet the title of the plaintiff, a widow, to her interest as such in certain land which she had conveyed to B. by joining in a deed with certain of her children, by which it was intended to convey to B. the interests of said children in the land as heirs-at-law of the deceased husband of A., she not intending thereby to convey her said interest; which land had been afterwards conveyed with warranty by B. to C. Cross complaint by B., alleging, that in said latter conveyance B., by mistake, described and conveyed a greater interest in said land than that lately owned by said children, which was the interest intended by the parties to the deed to be conveyed; and praying that said deed from B. to C. be reformed.

*Held,* that, under the code, the matters set forth in the cross complaint and the subject of the principal suit could thus be litigated together.

*Held,* also, that the cross complaint was good on demurrer assigning insufficiency of the facts alleged.

*Held,* also, that C. was not entitled to a separate trial of the issues made upon the cross complaint.

SAME.—*Motion to Strike Out.*—There is no error in striking out, on motion, a paragraph of an answer, where the evidence admissible under such paragraph is equally proper under a remaining paragraph of such answer.

SAME.—*Supreme Court.*— *Complaint.*—*Demurrer.*—Where there is no demurrer to a complaint, and any paragraph thereof is good, the Supreme Court will not reverse the judgment upon an assignment of insufficiency of the averments of the complaint.

SAME.— *Witness.*— *Credibility.*—The Supreme Court will not pass upon the credibility of witnesses.

APPEAL from the Fountain Circuit Court.

Suit by the appellee Joanna Morris against the appellee Thompson and the appellant, Dice. The complaint consists of three paragraphs, the first of which alleges, in substance, that the plaintiff is the owner in fee simple of certain real estate described, being the undivided one-third of one hundred and sixty acres; that on the 1st day of December, 1863, she was induced by the false and fraudulent representations of the defendant Hartson Thompson to make, execute, and deliver to him a good and sufficient warranty deed for her said interest in said real estate, which she did at that date by joining in a deed with five of her children named, heirs-at-law of Charles Morris, deceased,

and tenants in common with the plaintiff of the undivided one-third and the undivided five-sevenths of the undivided two-thirds of said one hundred and sixty acres, which descended to them by inheritance from said Charles Morris, deceased, who was the husband of the plaintiff and the father of said five children; that the fraud of said Hartson Thompson consisted in that he represented to the plaintiff that he had bought the several interests of all said children, and had paid a valuable consideration therefor, and was desirous of obtaining a good and sufficient warranty deed from them of their undivided interests in the undivided two-thirds of said one hundred and sixty acres; and that before he could get such a deed from them, the plaintiff would have to affix her signature and seal to said deed and acknowledge the same before some officer authorized by law, inasmuch as some of the grantors in said deed were minors and incompetent to contract without the written consent of the plaintiff, their surviving parent and natural guardian; that her signature was not sought or asked for except as a written consent on her part that any of said grantors who were minors might sign said deed and thus make a good conveyance of their interests to him, which she was desirous they should do, as he had paid them therefor; that said Thompson expressly stated to her, that by signing said deed she was not conveying any interest of her own in said lands, nor did he want her so to do, and that her interest in said lands was not therein described or referred to in any way; that she is very old, unable to read or write, and wholly ignorant of the law respecting the rights of minors to contract, all of which defendant well knew; that, to defraud her, the deed was never read over to her, nor were its contents made known to her, either verbally or otherwise, by said Thompson or any one else; that she was completely thrown off her guard as to her rights and interest in and to said lands by the false and fraudulent representations of said Thompson above set out, which were wickedly and designedly made by him, and all of which he knew at the

time to be untrue and wholly false, so far as the same related to her interest in and to said lands, and which he made for the express purpose of cheating and defrauding the plaintiff out of said rights and interest, and vesting the same in himself; that, relying on said false and fraudulent representations of Thompson, which at the time and for years afterwards, she belived to be true, and upon the honor and integrity of said Thompson as a man and a personal friend, which she had a right to do from the personal friendship existing between her and said Thompson and all his former conduct towards her, he having treated her honorably in all things so far as she knew, and knowing that said Thompson knew that she was old and unable to read or write and wholly ignorant of the law respecting the rights of minors to make valid contracts, and wholly ignorant of the contents of said deed, except so far as the same had been represented to her by him, she signed said deed ; that said deed, conveys from her to Thompson, with covenant of warranty, all her right, title, and interest, legal and equitable, in and to the undivided one-third of said one hundred and sixty acres; that said Thompson fraudulently, wickedly, knowingly, and designedly, for his own personal benefit, took advantage of her old age, her inability to read or write, her ignorance of the law as above set out, and their personal friendship, and so far overreached her as to obtain from her said deed of conveyance, without any consideration whatever, either legal or equitable, passing from said Thompson or any one else to her; that long after the 1st day of December, 1863, the date at which said deed was made, executed, and delivered by the plaintiff and other grantors named to the defendant Thompson, she discovered the fraud of said Thompson as above set forth, and immediately, on the —— day of —— 186–, instituted a suit against said Thompson and wife in the Fountain Circuit Court, at the —— term thereof, 186—, to set aside said conveyance as fraudulent and void as against the plaintiff, and to quiet the title in her to said undivided one-third of

said one hundred and sixty acres, thereby putting in issue
the title of said interest of the plaintiff in said land, and
setting up fully the frauds of said Thompson in procuring
from the plaintiff a deed to said land; that said suit was
compromised and dismissed by said plaintiff; that on the
9th day of February, 1865, long after the commencement
of said suit, and long before the same was dismissed, de-
fendant Thompson and wife made, executed, and delivered
to defendant John Dice a warranty deed for the undivided
five-sevenths of said one hundred and sixty acres of land,
for the sum of two thousand dollars, a copy of which is
filed with, and made part of, the complaint; that said Dice
took said deed from said Thompson and wife with a full
knowledge of all the frauds perpetrated by said Thompson
on the plaintiff in procuring said land from her, and that
said title of Thompson was fraudulent and void in law and
equity, and that said frauds had neither been compromised
nor adjusted in any way whatever, and that said deed from
the plaintiff to Thompson was not a gift and was wholly
without consideration.  Prayer, that the deed to Dice be
decreed void as to the plaintiff, and also her deed to Thomp-
son; that the cloud upon her title on account of said con-
veyances be removed and the title forever quieted in her;
for costs; and for other proper relief.

The second paragraph of the complaint contains substan-
tially the same allegations as the first as to the frauds of
Thompson in procuring the deed from the plaintiff, the sub-
sequent discovery of said frauds by the plaintiff, the suit
against Thompson, and the compromise and dismissal there-
of, and alleges, that during the pendency of said suit against
Thompson, defendant Dice, with full knowledge of all said
frauds, knowingly, wilfully, fraudulently, and wickedly,
with full purpose to cheat and defraud the plaintiff out of
all her said interest in said land, conspired with defendant
Thompson and took from him and his wife a warranty deed
for the undivided five-sevenths of said one hundred and
sixty acres, on the 9th of February, 1865, for the stated

consideration of two thousand dollars. It is alleged, that said conspiracy consisted in the facts that Dice had knowledge of said frauds of Thompson and of the pendency of said suit by plaintiff against Thompson to quiet her title; that while said suit was pending, Thompson and the plaintiff agreed to settle the same, and the terms of said agreement were that Thompson would quitclaim by deed to plaintiff all interest claimed by her in the land in controversy, if plaintiff would dismiss said suit; that Dice, with knowledge of the terms of said compromise, took said deed from Thompson and wife, well knowing, also, that Thompson and wife would, the same day, make said quitclaim deed to plaintiff, which they did. The plaintiff also avers, that she never received from any one any consideration for her said interest in the land. Prayer, the same as in the first paragraph.

Copies of all the deeds referred to are made exhibts.

The third paragraph alleges, that the plaintiff is the owner in fee of the undivided one-third of said one hundred and sixty acres of land, describing the same; that by inadvertence and mistake on her part and the part of defendant Thompson, she deeded her interest to him with covenant of warranty; that the mistake occurred by her signing a deed with her children, five in number, supposing, at the time, that she was signing a paper the legal effect of which was simply to give her consent in writing that her children, some of whom were minors, might sell and convey their land; wherefore she asks that said deed may be set aside as to her, and the title to said land quieted in her as against said Thompson and all persons claiming under him with notice, and especially against John Dice, who now holds the land by deed from said Thompson and wife, with full notice of all the facts respecting the mistake; and she prays for costs and all proper relief.

Dice answered in two paragraphs, the first of which is the general denial. The second alleges, that Dice purchased the land in controversy from Thompson, in good faith and for a valuable consideration; that at the time of said pur-

chase he had no knowledge of any right or claim which plaintiff had in or to said land; that he so purchased without intent to cheat or defraud plaintiff in any manner; that said land was conveyed to him on the 9th day of February, 1865, by Thompson and wife, for the consideration of two thousand dollars stated in their deed to him, which was the true and actual consideration of said deed.

Thompson filed a separate answer and cross complaint, denying the allegations of fraud and want of consideration contained in the complaint, and alleging, that Charles Morris died, intestate, in 1858, and left surviving him the plaintiff, his widow, and seven children by the plaintiff, as his only heirs-at-law, five of whom are named in plaintiff's complaint; that said decedent died seized in fee simple of the land described in the complaint; that in 1863, this defendant made a contract with said five heirs named in the complaint for the purchase of their interests in said lands, together with their mother, plaintiff herein, for a valuable consideration to them to be paid, and took the deed mentioned in the complaint, this defendant supposing at the time that said plaintiff had nothing but a life estate in said land; that afterwards she became dissatisfied in regard to her trade, and began the suit mentioned in her complaint, to set aside said deed as to her; that during the pendency of said suit, she and this defendant compromised said matter as alleged in the complaint; that by the terms of said compromise this defendant was to quitclaim to her whatever of her title and interest she had conveyed to him, and she was to dismiss her said suit and surrender to this defendant the note and consideration she had received from him, which she accordingly did; that this defendant procured a quitclaim deed conveying to the plaintiff all her said interest in said land formerly conveyed to him, and took said deed home with him, to be signed by himself and wife, all of which was accordingly done on the 9th day of February, 1865; that said deed was duly delivered to James Buchanan for the plaintiff on the 10th of February, 1865,

in full compliance with said agreement; that at or about
the time of the last named agreement between himself and
the plaintiff, he entered into a contract with his co-defend-
ant, John Dice, for the sale to him of the lands, or the in-
terest which this defendant had acquired from said heirs of
Charles Morris named in the complaint; that by the terms
of said contract, this defendant was only to convey to Dice
the interest which he (Thompson) had acquired and pur-
chased of said five children, both of them, or at least this
defendant, supposing that said widow held only a life estate
in said land, and that at her death said Dice, or his grantee,
would have a fee simple title in and to the undivided five-
sevenths of said land; that at the time of making said con-
tract, Dice well knew all about the terms of said compro-
mise, and knew that by the terms thereof this defendant
was to quitclaim back to the plaintiff all the interest in
said land that she had conveyed to him; that in pursuance
of his said contract with Dice, this defendant procured Sam-
uel F. Miller, the recorder of Fountain county, to draw up
a deed of conveyance to be taken home with him, a distance
of some ten miles from the town of Covington, to be jointly
signed, acknowledged, and executed by this defendant and
his wife, she being unable, or it being inconvenient for her,
to go to town to sign said deed; that, in giving the direc-
tions to said Miller how to draw said deed, this defendant
(Dice not being present), or said Miller in drawing the same,
made the mistake; that this defendant is now, and was then,
old and infirm, cannot write or read writing, and might
have made the mistake himself in giving the directions for
drawing said deed, supposing at the time that he had the
title in fee simple of five-sevenths of said land, subject only
to the life estate, or dower interest, which he supposed was
the interest the plaintiff had in said land; that the inten-
tion of the contract between him and Dice was only to con-
vey to Dice the interest derived as aforesaid from said five
heirs; that said deed, by mistake, conveys, or purports to

convey, the undivided five-sevenths of said land to Dice; that said deed was taken out to the country, and was signed and acknowledged at the same time that the quitclaim deed from this defendant and wife to the plaintiff was signed and acknowledged, and before the same officer; that Dice was present, and knew of said quitclaim, and knew that this defendant supposed that the deed to him (Dice) conveyed nothing but the interest derived as aforesaid; that Dice was well acquainted with all the circumstances above set forth, and knew of the time of the death of Charles Morris, the widow and heirs he left surviving him aforesaid, and that he died seized in fee simple of said lands, he, said Dice, residing in the immediate neighborhood of said Charles Morris at his death; and it is averred that said suit by plaintiff was pending at the time the deed to Dice was made. Prayer, that said mistake be corrected, and said deed from this defendant to Dice reformed, so that it may conform to the intention of the parties thereto as aforesaid, and for all other proper relief.

Dice moved to strike from the record and reject the answer of Thompson so far as it relates to said Dice, for the reasons, "first, that the matters alleged in said answer ought not and cannot be presented and adjudicated in this proceeding; second, that said answer seeks relief against this defendant without properly making him a party thereto; third, that, as a matter of law, said defendant Thompson cannot set up, allege, and litigate, by way of answer in this proceeding, the matters contained in said answer in reference to the conveyance therein described from himself to this defendant; fourth, that said defendant Thompson cannot, by way of answer in this action, sue for and obtain the relief prayed for in said answer."

The court overruled this motion, and defendant Dice excepted.

Dice then demurred to said answer and cross complaint of Thompson, for want of sufficient facts; the demurrer was overruled, and Dice excepted.

Dice then filed his answer to Thompson's cross complaint, in two paragraphs, first, that Thompson's deed to him conveyed to him no other or greater interest in said land than was intended by the parties thereto at the time; that in the contract between Thompson and this defendant, it was expressly understood and agreed that Thompson was to convey to him the identical lands mentioned and described in said deed; and it was the interest therein conveyed, according to the terms of said deed, that this defendant purchased from Thompson; that there was not any mistake at the time, nor is there any, in reference to the lands or the amount thereof conveyed, or to be conveyed, by said deed; but that the same was drawn in exact accordance with the contract and intention of the parties; that this defendant had no knowledge of the deed from Thompson to Joanna Morris referred to in the said cross' complaint, until long after the making and delivery of the deed from Thompson to him; that no such deed was made or was in existence at the date of the making of said deed to Dice; that Thompson was fully and completely apprized of the contents of the deed which he made to this defendant, and knew the contents thereof before it was signed or delivered by him.

The second paragraph is a general denial of the material allegations of the cross complaint, so far as they relate to Dice, "which are not in the first paragraph specially admitted and avoided."

The plaintiff, for reply to the answer of Dice, filed the general denial.

Thompson moved to reject the first paragraph of the answer of Dice to the cross complaint. The court sustained the motion, and Dice excepted.

The cause was tried by the court.

Dice moved to separate the issues, and for a separate trial of the separate issues made by the pleadings and arising upon the cross complaint of Thompson and the pleadings subsequent thereto.

The court overruled the motion, and Dice excepted.

The Court found that the deed from Joanna Morris to Thompson was an inadvertence and mistake, and without consideration; that Thompson conveyed back to her by quitclaim, and on the same day conveyed to Dice; that the deed to Dice described, by mistake, a greater interest than the parties to it intended; that the interest intended was the five-sevenths of the undivided two-thirds of the lands in controversy.

Dice moved for a new trial; the motion was overruled, and Dice excepted.

The court then rendered judgment on the finding, quieting the plaintiff's title and reforming the deed to Dice.

FRAZER, C. J.—The first question presented by the appellant is, whether the court below erred in overruling the motion made by him to strike out the cross complaint of Thompson. The majority of the court are of opinion that there was no error—that the matters averred therein and the relief sought against Thompson were so intimately connected with the subject of the principal suit, that the whole might properly be litigated together, under the code. I entertain some doubt upon the subject.

Was there error in overruling the demurrer to the cross complaint? We all agree that the facts alleged were sufficient to constitute a cause of action against Dice. The mistake sought to be corrected was of a deed, which did not, as is alleged, express what the parties intended to express. Relief is not sought, as the appellant seems to suppose, from a mistake of law. The pleading is awkwardly framed, containing a very unnecessary narrative of evidence which ought to have been omitted, but the fact distinctly appears that, by mistake, the deed to Dice conveys a greater estate than was actually purchased by him or intended to be conveyed.

If the majority of the court is correct in the opinion already expressed, that the cross complaint was properly retained in the record, it would follow that Dice was not

entitled to a separate trial of the issues upon it, and that there was no error in overruling his application therefor.

There was no error in striking out the first paragraph of the appellant's answer to the cross complaint. It was a denial in argumentative form, and any evidence admissible under it was equally proper under the second paragraph.

It is urged that the whole complaint was insufficient in its averments to make a cause of action against the appellant. We are not of that opinion. Some of the paragraphs were good beyond doubt, and perhaps all of them. But all must be bad to justify reversal, where there was no demurrer.

This court cannot, in this case, reverse the judgment upon the evidence. Indeed, we would hardly be prepared to say that the preponderance is not in favor of the verdict. But it is enough that it was contradictory, and that this is not the tribunal to pass upon the credibility of witnesses.

Affirmed, with costs.

*T. F. Davidson,* for appellant.

*A. A. Rice, M. M. Milford,* and *J. McCabe,* for appellees.