*G. Durbin,* for appellant.

*W. D. Ward, J. O. Cravens,* and *J. B. Rebuck,* for appellees.

## COCHRAN *v.* UTT.

MORTGAGE.—*Description of Land.*—A mortgage was executed to the State on "all the west half of the north-west quarter of section 8, township 6, range 7," without stating in what county or state the land is situated or at what particular land-office it was subject to entry.

*Held,* that the mortgage, for the want of more certainty as to the land intended to be mortgaged, vested no interest in the State in any particular land; therefore, a sale by the auditor under the mortgage was a nullity and vested no title in the purchaser.

APPEAL from the Jennings Circuit Court.

WORDEN, J.—This was an action by the appellant against the appellee, to recover the possession of the following real estate, viz.: The west half of the north-west quarter of section number eight, in township number six, north of range number seven east, situate in said county of Jennings. Issue, trial by the court, finding and judgment for the defendant as to all of the land except "six rods square" in the northwest corner of the tract, as to which there was a finding and judgment for the plaintiff. The plaintiff moved for a new trial, but his motion was overruled, and he excepted. The case comes before us on the evidence; and, although several questions are made by the appellant, we deem it unnecessary

to notice more than one point, inasmuch as that is fatal to the defendant's supposed title to the property.

The case made by the evidence is the following:

The land was patented to Adam Youtsey, in 1839. In 1840, Youtsey conveyed it to Joseph Reed, who, in 1852, conveyed it to the appellant, George W. Cochran. Hence the appellant has a perfect title, unless the title of the appellee, hereinafter stated, shall be deemed valid.

On January 3d, 1847, Joseph Reed borrowed of the school funds of Jennings county one hundred dollars, and to secure the payment thereof, executed a mortgage as follows:

" I, Joseph Reed, of the county of Jennings and State of Indiana, do assign over and transfer to the State of Indiana, all the west half of the north-west quarter of section eight, town six, range seven, excepting six rods square from the north-west corner heretofore deeded for a school-house for the use of township number seven, range nine; which I declare to be mortgaged for the payment of one hundred dollars, with interest at the rate of seven per cent. per annum, payable annually in advance, according to the conditions of the note hereunto annexed. In testimony," etc.

It will be observed that the mortgage does not specify whether the land intended to be mortgaged lies in the county of Jennings, or even in the State of Indiana, nor does it specify it as land subject to entry at any particular land-office. "Town 6" may be either north or south of the base line, and "range 7" may be either east or west of the principal meridian. A glance at the map of the State delineating the congressional township boundaries shows that there are three townships in the State, to say nothing of other states, that are equally indicated by the description in the mortgage. Township six, north (of the base line) of range seven east (of the principal meridian), is in Jennings county. Township six, north of range seven west, is in Green county. So, also, township six, south of range seven west, lies in Spencer and Warrick counties. The failure to designate whether the township intended was north or south, or whether the range

was east or west, in the absence of any other statement from which it could be inferred, leaves it altogether uncertain which of the three townships was intended, assuming that the land intended lies in Indiana. If the land intended lies in any other state, there are doubtless many townships that are equally indicated by the description in the mortgage.

The defendant claimed title by virtue of a sale made of the land in controversy, by the auditor of Jennings county, by virtue of the mortgage, to John B. Fable, who conveyed to the defendant.

We are of opinion that the mortgage, by reason of its want of a sufficiently certain description of the land intended to be mortgaged, vested no right or title in the State to any particular land, and hence that the sale by the auditor was void and vested no title in the purchaser. *Munger* v. *Green*, 20 Ind. 38, and cases there cited; *Peck* v. *Mallams*, 10 N. Y. 509.

We are not favored with any brief for the appellee, and are not, therefore, advised upon what ground it was claimed or held that the mortgage was sufficient.

It is probable that the mortgage might have been, on proper proceedings for that purpose by the auditor, reformed and made to express the intention of the parties by describing the land intended to be mortgaged.

Perhaps the purchaser of the land from the auditor might have had a reformation, so as to enable him to hold a lien on the land for the amount intended to be secured by the mortgage, and perhaps also the appellee can do the same thing. These propositions, however, are not before us, and nothing is decided in reference to them.

What we decide is, that the mortgage, for the want of more certainty as to the land intended to be mortgaged, vested no interest in the State in any particular land, and, therefore, that the sale by the auditor was a nullity and vested no title in the purchaser, Fable, and that Fable conveyed no title to the defendant. For this reason the judgment below for the defendant must be reversed.

The judgment below in favor of the defendant and against the plaintiff is reversed, with costs, and the cause remanded for a new trial.

*H. W. Harrington,* for appellant.