ROACH ET AL. *v.* HILL.

PROMISSORY NOTE.—*Payable in Bank.—Law of Place.—Presumption.*—Where a promissory note is executed in this state, payable at a certain bank therein named, but not specifying the state in which such bank is located, it will be presumed, the contrary not appearing, that such bank is located in this state; and such note is negotiable as an inland bill of ex-change.

From the Elkhart Circuit Court.

*R. M. Johnson* and *J. D. Osborn,* for appellants.

*J. H. Baker* and *J. A. S. Mitchell,* for appellee.

BIDDLE, J.—Suit by the appellee, as indorsee of the payee of the following promissory note, against the makers:

"$1,764.53.          GOSHEN, IND., October 26th, 1870.

"Two years after date, for value received, we promise to pay to the order of Warren A. Thomas, seventeen hundred and sixty-four dollars and fifty-three cents, payable at Salem Bank, with interest at the rate of eight per cent. per annum, and with attorney's fees if collected by suit or legal process, and waiving all benefit of the valuation and appraisement laws, and, if allowed to run, interest to be payable annually."          "JOHN A. ROACH."

[Stamp.]          "M. F. ROACH."

The appellants answered in four paragraphs, setting up against the payee of the note matter of defence which existed at the time and before the indorsement to the appellee. Demurrers were sustained to each paragraph of the answer, and exceptions reserved. The appellants declined to plead further, and the court rendered judgment in favor of the appellee, for the balance due on the note.

If the note is commercial paper, and governed by the law merchant, the judgment is right; if the note is not negotiable as an inland bill of exchange under the statute, the judgment is wrong. The sole question before us,

therefore, and the only one made by the parties in the briefs, is this : is the note negotiable as an inland bill of exchange ? The words in the statute are, "Notes payable to order or bearer in a bank in this state, shall be negotiable as inland bills of exchange," etc. 1 R. S. 1876, p. 636, sec. 6.

It is insisted by the appellants that it does not appear on the face of the note that Salem Bank is in this state; and insisted by the appellee, that, as the note was made at Goshen, Ind., it will be presumed that Salem Bank is in this state—the contrary not appearing upon the face of the note. This question was fully considered and deliberately determined in the case of *Walker* v. *Woollen,* at the present term of this court, *ante,* 164, wherein it was held that where a note is made in this state, payable at a specified bank, but not naming the state in which the bank is situated, it will be presumed—the contrary not appearing on the face of the note,—that the bank is situated in this state.

Under this rule, the court below committed no error in sustaining the demurrers to the several paragraphs of the appellants' answer. The note, by the statute, was negotiable as an inland bill of exchange, and in the hands of an innocent holder, without notice and for a valuable consideration, is not subject to any defence the makers could set up against the payee.

The judgment is affirmed, with costs.