Dutch *et al. v.* Boyd, Cashier.

SAME.—*Witness.*—*Hearsay.*—Where, on cross-examination of a witness, it appears that all he knew about what he had testified was hearsay, it is proper for the court, on motion, to strike out his testimony.

From the Union Circuit Court.

*T. D. Evans,* for appellants.

*B. Burke,* for appellee.

---

No. 7988.

DUTCH ET AL. *v.* BOYD, CASHIER.

MORTGAGE.—*Situs of Land.*—*State.*—*Presumption.*—A deed or mortgage, made in the form prescribed by the law of this State, which purports to have been executed and acknowledged in and between parties resident in the State, and contains nothing to indicate a contrary intention, will be presumed to be of land in the State.

SAME.—*Correction of Mistake.*—*Statute of Frauds.*—The correction of a description of the premises conveyed, in a deed or mortgage, is not forbidden by the statute of frauds.

PROMISSORY NOTE.—*Payable to Bank Cashier.*—*Change of Cashier.*—*Right of Action.*—*Party.*—A promissory note, made payable to the cashier of a bank, is in effect payable to the bank, and an action may be brought in the name of a successor to the cashier named, without an assignment by the latter, who need not be made a party.

From the Boone Circuit Court.

*O. P. Mahan, P. H. Dutch, C. S. Wesner, —— Dowd, H. N. Spaan* and *F. Heiner,* for appellants.

*G. H. Chapman, U. J. Hammond* and *L. Newberger,* for appellee.

WOODS, J.—This is an appeal from a decree of foreclosure of a mortgage on real estate, and from the personal judgment rendered against the makers of the mortgage notes. The principal question to be decided is whether the mortgage contains a sufficient description of the premises intended to be described.

The mortgage is in the short form prescribed by the statute for mortgaging land in this State. We give the tenor of so much of the instrument as is relevant to the question, viz.: "This indenture witnesseth, Ira N. Holmes and Amanda D. Holmes, of Boone county, and State of Indiana, mortgage and warrant to John M. Boyd, cashier of the First National Bank of Thorntown, Boone county, Indiana, to wit: The east half of the northwest quarter of section thirty-five, township twenty north, of range two west," etc.

The appellants claim that the description does not show in what county and State the land intended to have been mortgaged is situated, and hence that the mortgage was not entitled to registration. It may be observed here, that, if it be conceded that the land is in Indiana, the description given shows it to be in Boone county. The township and range mentioned are found there but not in any other county of the State.

The counsel for the appellee advanced three propositions, on

each of which they claim that the mortgage, and the record of it, must be upheld: 1st, that the names of the county and State, where they occur in the mortgage the second time, are descriptive of the land. 2d, that, if this is not so, and the county and State, as there inserted, are an adjunct to the name of the bank, descriptive of its *situs*, then it appearing on the face of the instrument and from the certificate of acknowledgment that the mortgage was executed in this State between residents of the State, the legal presumption, in the absence of anything in the instrument to the contrary, is, that the description was intended for lands in this State; and this, it is claimed, is supported by the following cases: *Betson* v. *The State, ex rel.*, 47 Ind. 54; *Burton* v. *Ferguson,* 69 Ind. 486; *Ives* v. *Kimball,* 1 Mich. 308; *Russell* v. *Sweezey,* 22 Mich. 235; *Slater* v. *Breese,* 36 Mich. 77; *Atwater* v. *Schenck,* 9 Wis. 160; *Mecklem* v. *Blake,* 19 Wis. 397; *Pursley* v. *Hayes,* 22 Iowa, 11; *Beal* v. *Blair,* 33 Iowa, 318. 3d, that the description by section, township and range, is in itself sufficiently certain, and becomes uncertain only by reason of looking outside of the mortgage to the fact that there are, in the Northwest Territory, and in the States erected therein, a number of base lines or principal meridians, to which every such description may be referred; and that this constitutes a latent ambiguity which admits of parol evidence to show which meridian was intended. For support of this proposition, reference is made to the following cases, besides those cited *supra*: *Hanna* v. *Renfro,* 32 Miss. 125; *Bowers* v. *Andrews,* 52 Miss. 596; *Dougherty* v. *Purdy,* 18 Ill. 206; *Clark* v. *Powers,* 45 Ill. 283; *Billings* v. *Kankakee Coal Co.,* 67 Ill. 489; *Smith* v. *Crawford,* 81 Ill. 296; *Isaac* v. *Clarke,* 2 Gill (Md.) 1.

Against these propositions, counsel for the appellants have cited *Weed* v. *Edmonds,* 4 Ind. 468; *Cochran* v. *Utt,* 42 Ind. 267; *Baldwin* v. *Kerlin,* 46 Ind. 426; *Murphy* v. *Hendricks,* 57 Ind. 593; *First Nat. Bank* v. *Gough,* 61 Ind. 147; *Lee* v. *Hills,* 66 Ind. 474; *Glass* v. *Hulbert,* 102 Mass. 24; *Holmes* v. *Evans,* 48 Miss. 247; *Selden* v. *Coffee,* 55 Miss. 41; *People*

v. *Klumpke,* 41 Cal. 263 ; *Boyd* v. *Ellis,* 11 Iowa, 97 ; *Beal* v. *Blair,* 33 Iowa, 318 ; *Slater* v. *Breese,* 36 Mich. 77 ; *Mooney* v. *Cooledge,* 30 Ark. 640 ; *Fuller* v. *Fellows,* 30 Ark. 657.

It would seem difficult to reconcile the third proposition with the fact that the court takes judicial knowledge of the public surveys, and of the existence and location of the several base lines from which the surveys are made. Reading a description by section, township and range, in the light of this judicial knowledge, the ambiguity would seem to be a patent one, and, therefore, not explainable by evidence outside of the writing.

But our concurrence in the second proposition makes it unnecessary in this case to express any opinion concerning the first or third.

This court has several times held, in reference to promissory notes purporting to have been executed in this State, and in terms made payable at a bank named, and nothing to the contrary appearing, that it will be presumed that the bank so named is a bank in this State, and the notes therefore governed by the law merchant. *The Indianapolis, etc., Co.* v. *Caven,* 53 Ind. 258 ; *Walker* v. *Woollen,* 54 Ind. 164; *Roach* v. *Hill,* 54 Ind. 245. The effect of this presumption upon the rights and remedies of the parties to the paper is well understood, and the consequences are not less important than those which pertain to the application of the statute of frauds to contracts concerning real estate, the important bearing of which counsel for the appellants have urged upon our attention. We can think of no sound reason why a similar presumption should not apply to a deed or mortgage, made in the form prescribed by the law of this State, which presumably is not applicable to the conveyance of lands situated elsewhere, and which shows within itself that it was executed in the State, between parties resident in the State, and contains nothing to indicate that land outside of the State was intended. Such a presumption, we have no doubt, will be found to accord with the true intention of the parties in a very large majority of instances in

which the name of the State may be, or may have been, omitted, and, if occasionally there shall prove to be an exception to this rule, it would constitute a mistake which, as between the parties at least, could be corrected, and, in the long run, the ends of justice will be better promoted by this than by the contrary rule.

The case of *Lee* v. *Hills,* 66 Ind. 474, is cited to the point that a correction of such a mistake in a deed or mortgage can not be had. The case, however, is not in point. It has reference to the sale of personal property, and the effort was made in the case, not to obtain a modified description of the goods named in the memorandum, but to procure the insertion of the word *sold,* the effect of which would have been to convert the memorandum into a contract of sale, while, without that word, it contained no evidence whatever of such contract.

That a correction may be had of a deed or mortgage of real estate, in reference to the description of the premises, is too well settled to admit of controversy. *White* v. *Wilson,* 6 Blackf. 448; *Hileman* v. *Wright,* 9 Ind. 126; *Andrews* v. *Andrews,* 12 Ind. 348; *Sample* v. *Rowe,* 24 Ind. 208; *The German, etc., Ins. Co.* v. *Grim,* 32 Ind. 249; *Dice* v. *Morris,* 32 Ind. 283; *Barnes* v. *Bartlett,* 47 Ind. 98; *Busenbarke* v. *Ramey,* 53 Ind. 499; *McKay* v. *Wakefield,* 63 Ind. 27; *Wilson* v. *Stewart,* 63 Ind. 294; *Easter* v. *Severin,* 64 Ind. 375; *Figart* v. *Halderman,* 75 Ind. 564.

There is nothing in the claim that the plaintiff had not capacity to sue, or that there is a defect of parties, because the notes secured by the mortgage were made payable to one Patton as cashier. It was shown that Boyd, to whom, as cashier, the mortgage was made, had succeeded Patton in that office. It is the case of a trustee of an express trust, who may sue in his own name, without joining the *cestui que trust.* Patton, having ceased to be the trustee, had no interest in or relation to the paper, which made him a necessary party. Paper made payable, or indorsed, to the cashier of a bank, is, in legal effect, payable to the bank itself, and in this case the suit

might appropriately have been brought in the name of the bank, though not improperly brought in the name of the cashier. See *Nave* v. *Hadley,* 74 Ind.155.

There was sufficient evidence in the case to show, *prima facie,* the execution of the mortgage, under the plea of *non est factum;* and, this being so, it was for the jury to decide upon the weight of the conflicting evidence offered on that subject.

All the other questions in the record are made immaterial by our conclusion, that the mortgage contains a sufficient description of the land, and needed no correction, from which it follows that the record of it was notice to the world.

The judgment is affirmed, with costs.

Petition for a rehearing overruled.