FAIRFIELD VS. THE MADISON MANUFACTURING COMPANY.

CONTRACT: SALE: WARRANTY. (1) 1. *Title not passed on facts stated.* 2. *Effect of subsequently giving notes for machine on original contract.* 3. *Option of purchaser to return machine and recover price.* 4. *Purchaser keeping machine may recover damages for breach of warranty.* 5. *No variance between complaint and testimony.* 6. *Error to nonsuit plaintiff.*

Fairfield vs. The Madison Manufacturing Company.

ATTACHMENT.   (2) *Can action for unliquidated damages be begun by attach-
    ment ?  What property must be seized, to give jurisdiction ?*
WAIVER:   (3) *Of defective process and service.*

1. A written contract for the sale of a reaper by defendant to plaintiff war-
    ranted the qualities and capacity of the machine, and provided that
    plaintiff should give it a fair trial, and, if it failed to fulfill the war-
    ranty, should notify defendant or its agent, and again try it in the
    presence of the latter, and, if it should still fail, should lay it aside;
    that it should be settled for after trial, or, if it failed to work as war-
    ranted, defendant should take it back; and that if plaintiff should use
    it in reaping more than two days, the warranty should be considered
    as fulfilled.   In an action *for breach of such warranty,* plaintiff's evi-
    dence tended to show that he tried the machine, in reaping, less than
    two days, and found it not as warranted; that he then notified defend-
    ant's agents thereof, and they attempted, without success, to remedy
    the defects; that plaintiff then requested them to take back the ma-
    chine according to contract; and that they induced him to keep it
    and give his notes for the price, by promising (as they were author-
    ized to do) that defendant would make it operate as agreed, otherwise
    plaintiff should not be required to pay said notes; that defendant failed
    to remedy the defects, and, though plaintiff used the machine a little
    during two harvests, it was practically worthless; and that defendant
    has refused to surrender plaintiff's notes on his demand, and has
    brought suit on some of them.   *Held,* upon these facts,
        (1) That title to the machine had not passed to plaintiff, under the
    contract, when he first requested defendant's agents to take it away.
        (2) That at the time of giving his notes therefor, plaintiff became
    purchaser of the machine with warranty of its qualities and capacity
    *as specified in the original contract,* but *without the conditions* therein
    contained.
        (3) That after such new arrangement, plaintiff might have returned
    or offered to return the machine, within a reasonable time, and have
    recovered the consideration paid therefor.
        (4) That, having elected to keep the machine, he may recover dam-
    ages for breach of the warranty.
        (5) That there is no material *variance* between the testimony, as
    above stated, and the complaint.
        (6) That it was error, therefore, to nonsuit the plaintiff.
2. The action was commenced in justice's court by writ of attach-
    ment, and the only property seized was the machine above mentioned,
    which *belonged to the plaintiff.*   Whether such an action for unliqui-
    dated damages can be commenced by attachment, and, if so, whether

there was any valid service of the writ, so as to give the justice juris-diction, are questions not here decided.

3. Defendant having appeared before the justice, pleaded to the merits, and gone to trial, and having afterwards appealed and litigated the cause on the merits in the circuit court, all defects in the process and in the service thereof were *waived*, and the court had jurisdiction to try and determine the controversy.

APPEAL from the Circuit Court for *Green Lake* County.

The complaint in this action sets out a contract of warranty by the defendant of a certain reaping and mowing machine sold by it to the plaintiff, and claims damages for alleged breaches thereof. The answer admits the making of the contract substantially as stated in the complaint, but sets out additional stipulations therein contained, which it is claimed are fatal to the plaintiff's right to recover.

The contract, which is contained in an order given by the plaintiff for the machine and accepted by the defendant, was read in evidence on the trial, and the substance of it is correctly stated in the pleadings. After warranties of the qualities and capacity of the machine, it provides that the plaintiff should give the machine a fair trial, and if the same failed to fulfill the terms of the warranty he should notify the defendant or its agent thereof, and again try it in the presence of the latter, and, if it should still fail to perform as warranted, that he should lay it aside. The contract further provided that the machine should be settled for after trial, or, if it failed to work as warranted, the defendant should take it back : also, that if the plaintiff should use it in reaping more than two days, the warranty, except as to hidden defects in materials, should be considered fulfilled.

The testimony given on the trial tends to show that the plaintiff tried the machine in reaping less than two days, and found it defective in certain particulars covered by the warranty ; that he thereupon notified the defendant's agents thereof, who attempted to remedy such defects, but failed ; that

plaintiff requested such agents to take back the machine according to contract; and that the latter prevailed upon the plaintiff to keep the machine and give his promissory notes for the price thereof, by promising him (as they were duly authorized to do) that the defendant would make the machine operate as agreed, and that, if it failed to do so, the plaintiff should not be required to pay the notes given therefor. The testimony further tends to show that the defendant failed to remedy such defects; that, although the plaintiff used it a little during two harvests, it was practically worthless; that the plaintiff has demanded his notes of the defendant; and that the latter refuses to surrender them, and has brought suit upon a portion of them.

Upon this testimony the court ordered a nonsuit, and rendered judgment against the plaintiff for costs. The plaintiff appealed from the judgment.

*Hamilton & Sutherland*, for appellant, argued that the terms of the warranty were explicit, and they were as explicitly complied with by the plaintiff. The extension of the trial of the machine was not a new agreement, but a manifestation of good will on the part of the plaintiff, for the accommodation of the defendant. The policy of the code is against granting a nonsuit for a variance between the pleading and proof, "unless it shall actually mislead the adverse party to his prejudice in maintaining his action or defense upon the merits." R. S., ch. 125, sec. 33. There was no pretense in this case that respondent had been misled.

*Runals & Bradish*, for respondent, contended that an action by attachment cannot be maintained except where an amount is due upon contract, express or implied. Tay. Stats., 1373, § 106. 2. The plaintiff expressly contracted that if the machine failed to work, he would lay it aside, and that if he used it more than two days, he would consider the warranty fulfilled. He did use it for more than two days, and the warranty was fulfilled. Again, he did not lay the machine aside, as agreed

in case it did not perform as warranted, but undertook to run it the second season. He has therefore not performed all the terms of the agreement on his part, and cannot recover.

LYON, J. The first question to be considered is, Does the testimony tend to prove all of the facts essential to constitute a cause of action? It was evidently intended by the parties, when they entered into the original contract, that the title to the machine should not vest in the plaintiff until he had tried it. If upon trial it fulfilled the terms of the warranty, or if the plaintiff used it in reaping more than two days, the title passed to the plaintiff. After thus using the machine two days the plaintiff would be estopped from asserting a breach of the contract of warranty, except for hidden defects of materials. After the title thereto should thus vest in the plaintiff, he would be liable for the price of the machine, and the defense that there were breaches of the contract of warranty (except as aforesaid), would thereupon cease to be available to him. Hence, when the plaintiff had tried the machine (using it less than two days), found it defective and requested the agents of the defendant to take it away, the title had not passed to him, and he was under no legal obligation to keep the machine or pay for it.

But the testimony tends to show that the agents of the defendant did not take the machine when so requested and when it belonged to the defendant, but prevailed upon the plaintiff to purchase the machine and give his notes for the price, under the agreement, which they had authority to make, that if the machine did not fulfill the original warranty, the plaintiff was not to pay for it. If such are the facts (and thus far there is no proof to the contrary), the plaintiff became the purchaser of the machine with warranty of its qualities and capacity as specified in the original contract, but without the conditions therein contained as to testing the machine, or as to the effect of two days use thereof. By the new arrangement these con-

Fairfield vs. The Madison Manufacturing Company.

ditions were necessarily expunged from the contract, and all that was left of it was an ordinary warranty of the article sold, for a breach of which the plaintiff might avail himself of the ordinary remedies. That is to say, it was competent for him to return or offer to return the defective machine within a reasonable time, and recover back the consideration paid therefor, or, at his option, to keep the machine and recover damages for the breach of the contract of warranty. *Boothby v. Scales*, 27 Wis., 638; *Bonnell v. Jacobs*, 36 id., 59, and cases cited. The plaintiff has chosen the latter remedy, and we are of the opinion that the testimony tends to prove that he is entitled to recover. The question under consideration must, therefore, be answered in the affirmative.

2. The record does not disclose the grounds upon which the learned circuit judge ordered the nonsuit, but it is stated in one of the briefs that it was ordered on the ground that there is a fatal variance between the allegations of the complaint and the proofs. The cause of action made by the complaint is for breaches of the original contract of warranty. The testimony tends to prove the contract as stated in the complaint, and breaches thereof as therein alleged. We fail to find any material variance between the complaint and testimony. On the contrary, we are satisfied that the complaint states a cause of action, and that the testimony tends to prove all of the material allegations therein contained.

3. The action was commenced by attachment before a justice of the peace, and there was no personal service of process. The only property attached was the machine in controversy, which was confessedly the property of the plaintiff, and not of the defendant. It is claimed that an attachment does not lie for unliquidated damages, and that there was no valid service of the writ, and hence the court had no jurisdiction, and that the nonsuit was proper for that reason, if for no other. The defendant appeared before the justice, pleaded to the merits, and went to trial. It afterwards appealed, and again litigated

the case on the merits in the circuit court. These proceedings by the defendant cured all defects in the process and service thereof, and gave the court jurisdiction to try and determine the controversy. *Blackwood v. Jones*, 27 Wis., 498. Hence it is unnecessary to consider whether an attachment may properly issue in such cases, and, if so, whether there has been any valid service of the process in this case.

Failing to find any satisfactory grounds for the nonsuit, we must reverse the judgment of the circuit court and award a new trial.

*By the Court.* — It is so ordered.

COLE, J., took no part in the decision of this cause, being a stockholder in the defendant company.