# CASES DETERMINED

## August Term, 1876.

---

### COAD VS. COAD.

APPEARANCE. *(1) What is a general appearance; its effect.*
DIVORCE. *(2) Testimony reported by referee appointed in one county may be examined, and judgment signed, by court of any other county in same circuit. (3, 4) Power of circuit court over judgment for alimony.*

1. A motion by defendant (based on the whole record in the case) to "set aside the findings of fact, conclusions of law and judgment," is a *general appearance*, and waives all defects in the service of process, notwithstanding an attempt to limit the appearance by stating that it is "for the purposes of the motion only." *Blackburn v. Sweet*, 38 Wis., 578.

2. Under ch. 38 of 1872, the circuit court for one county has authority to examine the testimony reported by a referee appointed by the circuit court for another county of the same circuit in an action for divorce commenced in the latter county, and to sign the judgment in such action.

3. After judgment of divorce, the whole matter of *alimony* is under the plenary control of the circuit court, which, upon application therefor, can review and alter its judgment in that regard as may be deemed just.

4. Where, therefore, the circuit court, on granting a divorce, divested the husband of the title to certain real estate constituting the homestead, and vested the fee simple thereof in the wife, together with all the household furniture, although, on the proof before this court, this appears to be an unreasonable allowance, a reversal or modification of the judgment in that respect is refused, on the grounds that the evidence in the record is not sufficient to enable this court to determine what should be awarded plaintiff for alimony, and that, the judgment being for alimony proper, the trial court is still competent to afford relief if injustice has been done.

Coad vs. Coad.

APPEAL from the Circuit Court for *Iowa* County.

Action, by the wife, for divorce, on the ground that the defendant, though of sufficient ability, had willfully neglected to provide for her support or furnish her the common necessaries of life.

The action was commenced in the Iowa county circuit court; the summons served by publication; an order of reference made at the June term of said court, 1874; and judgment of divorce upon the referee's report. signed at the circuit court for La Fayette county, June 24, 1874.

The evidence taken before the referee tended to show that defendant was the owner of a homestead in the city of Mineral Point, Iowa county, of the value of about $500; that he had, in the year 1872, a stock of groceries which he sold for $1,000; and that he was possessed of household furniture to the value of about $230.

The judgment, besides dissolving the marriage, directed that the title to the homestead in fee be passed to the plaintiff, together with the household furniture.

In September, 1874, the defendant, by his attorneys, moved, upon "the pleadings, papers on file and records in said action," to set aside the findings of fact, conclusions of law and judgment. At the foot of the notice of motion, following the attorneys' names, were added the words: "For the purposes of said motion only." The motion was denied; and the defendant appealed from the order.

The written exceptions filed by defendant specify as errors that the court had acquired no jurisdiction of defendant; that the findings of fact were not supported by testimony; and that the decree was neither warranted by the testimony nor founded on the findings of fact and conclusions of law.

Briefs were filed in the cause, by *Cothren & Lanyon* for the appellant, and *Reese & Carter* for the respondent; and there was oral argument by *M. M. Cothren* for the appellant, and *Richard Carter* for the respondent.

Counsel for the appellant contended that the summons was not properly served so as to give the court jurisdiction; and that the evidence did not support the complaint or warrant the judgment.  On the question of alimony, they argued that the decree did not divide the property in the manner contemplated by the statute, but gave to the plaintiff all that defendant was shown to possess at the time; that it had not been shown that she brought anything to the common fund, or that she was incapable of earning her own livelihood, or had not separate property of her own; and that such a decree was more profitable to her than would have been the death of her husband, and was unjust.  *Williams v. Williams*, 36 Wis., 362.

For the respondent it was contended, that defendant, by a general appearance, had waived any jurisdictional defects. *Grantier v. Rosecrance*, 27 Wis., 488; *Anderson v. Coburn*, id., 558; *Anderson v. White*, 32 id., 308; *Gray v. Gates*, 37 id., 616; *Keeler v. Keeler*, 24 id., 525.  2. That the court had power to make equitable division of the property between the parties, and, if necessary, to pass the title to real estate (*Donovan v. Donovan*, 20 Wis., 586; *Wilkie v. Wilkie*, 28 id., 299; *Williams v. Williams*, 36 id., 363); and that in this case it had exercised a proper and reasonable discretion.  3. That the judgment was properly signed in La Fayette county.  *Landon v. Burke*, 33 Wis., 452.

In reply, appellant's counsel contended, 1. That their appearance was special, for the purposes of the motion only, and was therefore no waiver of jurisdictional defects.  2. That there was no law making the general term of one county a special term for all other counties in the circuit, save in the case of motions and foreclosure judgments; that *Landon v. Burke*, being of the latter class, was not in point; and that the judgment was improperly signed in La Fayette county.

COLE, J.  1. The attorneys of the defendant moved " to set

aside the findings of fact, conclusions of law and the judgment rendered in " the action; which motion was based upon the pleadings, papers on file and records in the cause. Under the decisions of this court, this was a general appearance in the cause, and waived all defects in the service of process. It is true, the attorneys attempted to limit the effect of their appearance by stating that it was "for the purposes of said motion only;" but still it must be regarded as a general appearance. For the rule is, that when a party seeks to take advantage of a want of jurisdiction, he must object on that ground alone, and keep out of court for every other purpose. In *Blackburn v. Sweet*, 38 Wis., 578, the principle to be extracted from the decisions of this court is stated to be this: " That a motion to set aside a judgment which is founded partly on the failure of the court to obtain jurisdiction of the moving defendant, and partly upon grounds of mere irregularities in the rendition of the judgment consistent with the fact of jurisdiction, and which imply its existence, amounts to a general appearance. That is, where the moving party asks some relief which can only be granted upon the hypothesis that the court has jurisdiction of the cause and of the person, this is a submission to the jurisdiction, and waives all defects in the service of process." p. 580. (See also *Fairfield v. The Madison Manuf'g Co.*, 38 Wis., 346; *Gray v. Gates*, 37 id., 614; *Anderson v. White*, 32 id., 308; *Likens v. McCormick*, 39 id., 314; *Low v. Stringham*, 14 id., 222, and cases referred to in the notes.) In moving to set aside the findings of fact and the conclusions of law, the defendant obviously assumes that the court has jurisdiction to correct errors and irregularities in the rendition of the judgment. This is plain. Having submitted to the jurisdiction to obtain that relief, it amounted to a waiver of all defects in the service of process.

2. The defendant further insists that the findings of fact are unsupported by the evidence. The circuit court found, in substance, that all the material allegations of the complaint

were true, and that the defendant had willfully neglected to provide the common necessaries of life for the plaintiff, having adequate means and being of sufficient ability so to do; and, upon that ground, granted the divorce. We have examined the evidence taken before the referee, and think it shows that the defendant willfully neglected to maintain and support his wife according to his ability. We shall not discuss the testimony, but content ourselves with stating our conclusion that it is sufficient to sustain the judgment of divorce.

3. There was a reference to take testimony, the referee reporting the same to the circuit court of Iowa county, where the action was pending. The judgment, however, was signed in La Fayette county. It is objected that the circuit court had no power or authority to sign a final judgment of divorce in any other county than the one in which the action was pending. This objection cannot prevail. Ch. 38, Laws of 1872, authorizes the circuit court, in all civil actions in which an issue of law or fact has not been joined within the time allowed by law, *to hear the testimony and proofs offered in such actions*, and to sign judgment therein, at any special or general term of court of the circuit. This provision clearly gave the circuit court of La Fayette county authority to examine the testimony reported by the referee in the action, and to sign the judgment. See *Landon v. Burke*, 33 Wis., 462.

4. The circuit court adjudged to the wife in fee simple the homestead, worth about $500, together with the household furniture. It is claimed that this was an unreasonable allowance, considering the defendant's estate or faculties to support his wife. The evidence in regard to the amount of property owned by the defendant is not sufficiently clear and satisfactory, as it stands in the record, to enable us to determine what should be awarded the plaintiff for alimony. It is possible the amount allowed her was excessive, and it so appears to be on the proof before us. But this whole matter of ali-

mony is under the plenary control of the circuit court, which can revise and alter its judgment in that regard as may be deemed just, upon application being made therefor. Sec. 28, ch. 111, R. S.; *Campbell v. Campbell*, 37 Wis., 206; *Hopkins v. Hopkins*, 40 id., 462. The court did not attempt to make a division or distribution of the husband's estate, as is sometimes done under the statute, but adjudged to the wife the homestead and household furniture as and for alimony proper. It was competent for the court to do this; but still the matter would be within its control. If any injustice has been done the defendant in the amount of alimony allowed the plaintiff, he can apply to the circuit court for relief.

*By the Court.* — The judgment of the circuit court is affirmed.