CHANDLER ET AL. *v.* THE CITIZENS NATIONAL BANK
OF EVANSVILLE.

[No. 18,341.   Filed February 25, 1898.]

APPEARANCE. — *Special Appearance. — Jurisdiction. — Cross-Complaint.—Waiver.*—Where a defendant enters a special appearance and unsuccessfully denies the jurisdiction of the court over his person, and afterward enters a general appearance and files a cross-complaint demanding affirmative relief, he thereby waives the question of jurisdiction.

From the Vanderburgh Superior Court. *Affirmed.*

*George Palmer* and *J. E. Williamson,* for appellants.
*Azro Dyer* and *Alexander Gilchrist,* for appellee.

JORDAN, J.—The Citizens National Bank of Evans-

ville, Indiana, brought this action against John J. Chandler to recover upon certain promissory notes held by it, and to foreclose a lien on bonds pledged as a security for the payment of the notes. The complaint, among other things, averred that appellant, Giles, claimed, or asserted some title or interest in the bonds in suit, and he was made a party defendant to the action to answer to his interest. Giles entered his special appearance and moved to quash the summons and to set aside the return of service. This motion the court denied, and an exception was duly reserved to this ruling. He, Giles, then entered a general appearance to the action, and filed an answer in denial. Subsequently, he filed a cross-complaint, making the plaintiff, and his codefendant Chandler parties defendant thereto. In this pleading he averred that he was the owner of the bonds described in the plaintiff's complaint, and demanded that the court order that they be delivered up, and surrendered to him. Issues were joined between the appellant and the plaintiff and codefendant upon the cross-complaint, and a trial resulted in the court awarding a judgment in favor of the bank, against Chandler, for $9,000.00, and decreed that the lien which the plaintiff held upon a part of the bonds be foreclosed, and further adjudged that a portion of the bonds involved in the suit belonged to the appellant Giles, and these were ordered to be surrendered to him. He then moved for a new trial, which was denied, and he appealed from the judgment of this court. The overruling of his motion on special appearance to quash the summons and set aside the service thereon, is the only alleged error of which appellant complains and presents for review. No attempt is made by the appellee to sustain the sufficiency of the summons or its service upon the appellant, Giles, but it is insisted that he, by filing his cross-

complaint against the plaintiff, and his codefendant in the action, thereby submitted his person to the jurisdiction of the court, as to the entire cause, and consequently any question in respect to the jurisdiction of his person under the original process was waived. Giles, as it appears, after the court had denied his motion to quash the original process, and set aside the return of service, entered a full appearance, and filed a general denial as his answer to the complaint. Thereafter he filed a cross-complaint, instituting thereby a cross-proceeding in the original cause against the plaintiff and his codefendant, whereby he sought to be adjudged the owner of and obtain the possession of the bonds set up in the complaint. Not only did he demand affirmative relief, but the court by its judgment from which this appeal is prosecuted, awarded to him the relief in part part which he asked.

The settled rule in this jurisdiction, and in others also, is that a party to an action who under a special appearance in due season, unsuccessfully denies the jurisdiction of the court over his person, does not waive the question of jurisdiction of his person by thereafter answering over, and going to trial upon the merits of the cause of action. The authorities assert, that the defendant under such circumstances, having at the very threshold resisted the jurisdiction of the court in a legitimate manner to the full extent of his power, is not required to desert the case, and leave his adversary to take judgment against him on default. Elliott's App. Proc., sections 677 and 678; *Avery* v. *Slack*, 17 Wend. 85; *Jones* v. *Jones*, 108 N. Y. 415; *Hadley* v. *Gutridge*, 58 Ind. 302. It would, in reason, seem when a defendant went further than he was necessarily required to do in order to contest the action on its merits, and made himself an actor in the proceeding by filing therein a cross-complaint demand-

ing distinct and affirmative relief, that he thereby invoked the jurisdiction of the court over his person, and under such circumstances he ought to be considered as having waived the question of personal jurisdiction, and to occupy the same position as though he had appeared generally to the action in the first instance. In fact, the affirmative relief which he demands in his cross-complaint is upon the theory or hypothesis that the court has jurisdiction of the cause, and also over his person. Consequently, in the event the result on the trial is not as advantageous to him as he considers it ought to have been, he should not be permitted thereafter to question the jurisdiction of the court over his person by reason of some defect or infirmity in the original process, or service thereon. In a standard authority on pleading and practice, it is said: "The principle to be extracted from the decisions on the subject as to when a special appearance is converted into a general one, is, that where the defendant appears and asks some relief which can only be granted on the hypothesis that the court has jurisdiction of the cause and the person, it is a submission to the jurisdiction of the court as completely as if he has been regularly served with process, whether such appearance, by its terms, be limited to a special purpose or not. * * * * *And where a defendant becomes an actor* in the suit and institutes a proceeding which has for its basis the existence of an action to which he must be a party, he thereby submits himself to the jurisdiction of the court, and no disclaimer which he may make on the record, that he does not intend to do so, will be effectual to defeat the consequences of his act." 2 Ency. of Pleading and Practice, pp. 625, 626, and 627. The same rule or principle is affirmed in the following cases: *Farmer* v. *National Life Association*, 138 N. Y. 265; *Coad* v. *Coad*, 41 Wis. 26. The

Chandler *et al.* *v.* The Citizens National Bank of Evansville.

character and effect of a cross-complaint has been settled by repeated decisions of this court. In such cases the defendant in respect to his cross-complaint becomes a plaintiff, and the plaintiff in the original action becomes the defendant. *Ewing* v. *Patterson*, 35 Ind. 330; *Board, etc.,* v. *Lafayette, etc., R. R. Co.,* 50 Ind. 85; *Masters* v. *Beckett*, 83 Ind. 596; *Gardner* v. *Fisher*, 87 Ind. 376. The filing of such a complaint is held to be substantially the institution of a new action to enforce a separate and distinct right, and the dismissal of the cause of action set up in the plaintiff's complaint, does not prevent the cross-complainant from proceeding with the cross-action to a final termination. See *Anderson* v. *Wilson*, 100 Ind. 405; *Branch* v. *Foust*, 130 Ind. 542; *Watts* v. *Sweeney*, 127 Ind. 116. As a general practice, the original complaint and cross-complaint are heard together, and a judgment is rendered embodying all the points adjudicated, and all the relief awarded under both complaints. *Dice* v. *Morris*, 32 Ind. 283; *Thiebaud* v. *Tait*, 138 Ind. 238; 5 Ency. of Pleading and Practice, section 12, p. 685.

Appellant, Giles, under his cross-complaint, having voluntarily made himself a cross-complainant in the action, and asserted his right to the bonds involved therein, and thereby invoked the court's jurisdiction to award him the relief demanded, must therefore be held to have submitted his person generally in the cause to the jurisdiction of the court, and for this reason can not in this appeal base any available error on the ruling of the trial court in denying the motion to quash the original writ.

Judgment affirmed.