## HUNT *v.* BRANCH CIRCUIT JUDGE.

EXEMPTIONS — BENEFICIAL ASSOCIATIONS — PROCEEDS OF CERTIFI-
CATE—ALIMONY.

> Under section 7754, 2 Comp. Laws, creating an exemption in favor of the proceeds of benefit certificates, the circuit court in chancery has no jurisdiction, on a bill for divorce and alimony, to enjoin the payment of the proceeds of a certificate to defendant.

Mandamus by Charles B. Hunt to compel George L. Yaple, circuit judge of Branch county, to dissolve an injunction and to vacate an order for maintenance pending divorce proceedings. Submitted March 28, 1905. (Calendar No. 20,989.) Writ granted as to the injunction, and denied as to the order for maintenance.

*Kinney & Briggs* and *Palmer & Palmer,* for relator.

*Lockerby & Cowell,* for respondent.

HOOKER, J. The relator was beneficiary in two certificates issued by mutual benefit societies of which his father was a member. Two days after the father's death the relator's wife filed a bill for divorce and alimony, making the societies parties thereto, and obtained a temporary injunction restraining the payment of the benefits to the relator. The relator was brought in by publication, as personal service could not be had upon him, for the reason that he was absent from this State and in the State of Georgia. He employed attorneys at Coldwater, and they filed an order that "on motion of Kinney & Briggs and Palmer & Palmer, solicitors for said defendant, it is ordered that the appearance of said defendant be, and is hereby, entered specially, and for the purpose of filing a petition to dissolve the injunction heretofore issued in this cause," and for general relief. This was accompanied by

a petition, made by counsel upon relator's behalf, for a dissolution of the injunction. Upon service of this petition counsel for the complainant filed a petition for an allowance for expenses and maintenance during the pendency of the suit, and caused notice of the hearing of the same to be served on relator's counsel. The two applications were heard at the same time; the motion to dissolve the injunction being denied, and the other being granted and an allowance made. Relator now asks that the court be compelled by mandamus to (1) dissolve said injunction; (2) vacate the order allowing maintenance, etc.

The questions argued are (1) whether the fund was subject to the process of the court; (2) whether there was such a service as to support the action of the court in relation to alimony pendente lite.

The first contention rests upon the statute (2 Comp. Laws, § 7754), which provides:

" (7754) SEC. 15. The money or other benefit, charity, relief or aid to be paid, provided or rendered by any association authorized to do business under this act, shall not be liable to attachment by trustee, garnishee, or other process, and shall not be seized, taken, appropriated or applied by any legal or equitable process, or by operation of law, to pay any debt or liability of a certificate holder, or of any beneficiary named in a certificate, or of any person who may have any right thereunder."

In other words, the claim is that this class of property is exempt from interference by a court of equity for this purpose and that such courts have no jurisdiction over it. We are reluctantly forced to the conclusion that this statute must be construed in accordance with the relator's contention, and that the writ should issue as prayed, so far as the injunction is concerned.

Upon the other question we must decline to interfere at this stage. If the order for temporary alimony is void for want of jurisdiction, it cannot be enforced. If there is jurisdiction, we should be disinclined to interfere with the discretion of the circuit judge. Counsel cite authori-

ties to support their claim that, by appearing and moving to dissolve the injunction, the defendant appeared generally in the case and conferred jurisdiction, if the court did not already have it.   See *Coad* v. *Coad*, 41 Wis. 26; 3 Cyc. p. 504, note 28.   We find it unnecessary to pass upon the question, and this portion of the relief prayed for is denied.

A writ will issue in accordance with the above opinion, without costs to either party.

MOORE, C. J., and CARPENTER, MCALVAY, and GRANT, JJ., concurred.