## HAWKINS v. TAYLOR.

[No. 12,514. Filed June 23, 1926. Rehearing denied November 23, 1926.]

PLEADING.—*Defendant, by filing set-off and asking judgment thereon, waived exception to ruling sustaining demurrer to his plea in abatement attacking court's jurisdiction over his person.*—By pleading a set-off and asking a judgment thereon after the court had sustained a demurrer to his plea in abatement attacking the jurisdiction of the court over his person, the defendant waived his exception to the ruling on demurrer, as he thereby asked affirmative relief and submitted himself to the jurisdiction of the court for all purposes.

From Morgan Circuit Court; *Joseph W. Williams,* Judge.

Action by William F. Taylor against Genevra I. Hawkins and others. From a judgment for plaintiff, the named defendant appeals. *Affirmed.* By the court in banc.

*J. J. M. LaFollette, S. P. Brill, Jacob F. Denny* and *George T. Whitaker,* for appellant.

*Romney L. Willson* and *Russell Willson,* for appellee.

*Edward V. Fitzpatrick* and *William D. Fitzpatrick,* Amici Curiae.

McMAHAN, P. J.—Appellee filed his complaint in the superior court of Marion county against appellant and others to recover on a promissory note executed by appellant and Morton S. Hawkins to Edward V. and William D. Fitzpatrick, and by the Fitzpatricks indorsed to appellee. Appellant filed a plea in abatement alleging that she was one of the makers of the note; that both she and her codefendant, Morton S. Hawkins, were the only makers thereof; that neither of them had at any time been and were not then residents of Marion county; that appellant had always been a resident of Jay county, and that Morton S. Hawkins was a resident of the State of Florida. A demurrer to this plea was sustained, to which appellant excepted. The venue was then changed to the Morgan Circuit Court, where appellant and Morton S. Hawkins filed an answer in five paragraphs and a set-off in one paragraph. The issues being closed, a trial resulted in a judgment in favor of appellee against all the defendants for the amount of the note and that the property of the Hawkins should be first exhausted.

This appeal is by Genevra I. Hawkins, who contends the court erred in sustaining the demurrer to her plea in abatement, while appellee insists that appellant by

filing her claim for set-off and asking for judgment thereon in her favor waived the error, if any, in the sustaining of the demurrer to her plea in abatement. This contention of appellee is well taken. Appellant, by pleading her set-off, demanded affirmative relief from the court whose jurisdiction she was attacking. Our Supreme Court, in a case where the defendant, after having unsuccessfully attacked the jurisdiction of the court over his person, filed a cross-complaint, and on appeal sought a reversal because of the action of the court in overruling his motion to quash the service, said: "Appellant, Giles, under his cross-complaint, having voluntarily made himself a cross-complainant in the action, and asserted his right to the bonds involved therein, and thereby invoked the court's jurisdiction to award him the relief demanded, must therefore be held to have submitted his person generally in the cause to the jurisdiction of the court, and for this reason cannot in this appeal base any available error on the ruling of the trial court in denying the motion to quash the original writ." *Chandler* v. *Citizens Nat. Bank* (1898), 149 Ind. 601, 605, 49 N. E. 579.

In *Thompson* v. *Greer* (1901), 62 Kans. 522, 64 Pac. 48, Greer sued Thompson to recover the contract price for feeding some cattle. The defendant properly attacked the jurisdiction of the court on the ground that the suit was commenced in the wrong county. This attack not being successful, the defendant filed "an answer and counter petition" in which he not only denied any liability under the contract he had made for the keeping of the cattle, but set up a charge of damages by reason of the plaintiff's failure to properly feed and care for the cattle. It was held that the defendant, by asking for affirmative relief, had submitted himself to the jurisdiction of the court for all purposes and could not thereafter take advantage of the error of the court in

overruling his motion attacking the jurisdiction of the court. In speaking of the action of the defendant, the court said: "He was not satisfied with protecting himself with a shield, but attacked his adversary with a sword." To the same effect see, *Austin Mfg. Co.* v. *Hunter* (1905), 16 Okla. 86, 86 Pac. 263; *Farmers Loan & Trust Co.* v. *Joseph* (1910), 86 Nebr. 256, 125 N. W. 533; *Coad* v. *Coad* (1876), 41 Wis. 23.

Appellant, not having confined herself to a defense, but having asked affirmative relief waived her exception to the action of the court in sustaining the demurrer to her plea in abatement.

Judgment affirmed.