## BUILDERS STRUCTURAL STEEL CO v CONTINENTAL CASUALTY CO et

Ohio Appeals, 8th Dist, Cuyahoga Co

No 14759.   Decided Dec 2, 1935

Jerome M. Friedlander, Cleveland, for plaintiff in error.

John R. Flynn, Cleveland, for defendant in error.

## OPINION

By LEVINE, J.

A careful examination of the record discloses that the jurisdiction of the Municipal Court over the person of the defendant was at no time challenged either by separate motion to quash, in the motion to strike, or in the answer.  It was not until the case was ready for trial and after counsel for the plaintiff concluded his opening statement, that the motion for a directed verdict was made.

We think that the trial court committed error in holding that the Municipal Court had no jurisdiction of the subject matter. The Municipal Court unquestionably has jurisdiction of cases involving contracts or accounts for materials sold and delivered. If there be any ground for objection to proceeding with the trial in the Municipal Court, it would be only for the reason that under the construction of the various statutes cited and adopted by defendant, the venue of the action was in the county or counties where the improvement was made. It does not involve the question of the jurisdiction over the subject matter.  By the various steps taken by the defendant in the Municipal Court, to-wit, by obtaining of leaves to plead, by the filing of a motion to strike without raising the question of jurisdiction over its person, and finally by the filing of an answer raising issuable defenses without making any mention of the question of the jurisdiction of the person, or of the venue of the action, the defendant submitted itself to the jurisdiction

of the Municipal Court and entered full appearance to all intents and purposes.

We shall cite one authority sustaining our position: **Long v Newhouse, 57 Oh St page 348,** wherein the court held that:

"An objection to the court's jurisdiction over defendant's person must be made at the earliest opportunity. A defendant wrongly summoned from another county can not set this up by answer after he has moved to require plaintiff to itemize his claim or to separately state and number or strike out certain matter, for these are all entries of appearance."

It becomes unnecessary to pass upon the question discussed in the briefs as to the venue of this action.

Judgment reversed and cause remanded for further proceedings according to law.

LIEGHLEY, PJ, and TERRELL, J, concur in the judgment.