**BARRETT et, Plaintiffs-Appellants, v. BLACK, Defendant-Appellee.**

Ohio Appeals, Eighth District, Cuyahoga County.

No. 22424.  Decided March 31, 1951.

Payne, Hermann & Pusti, Cleveland, for plaintiffs-appellants.
Arthur J. Stern, Cleveland, for defendant-appellee.

**OPINION**

By SKEEL, PJ.:

This appeal comes to this court on questions of law from a judgment entered for the defendant in the Municipal Court of Cleveland.

The plaintiffs filed their petition against the defendant for damages alleged to have been suffered as the proximate result of the defendant's negligence in the operation of his automobile. The collision occurred at the intersection of East Boulevard and Euclid Avenue which place is within the limits of the City of Cleveland in Cuyahoga County, Ohio. The defendant is a resident of the City of Shaker Heights in Cuyahoga County. The plaintiffs caused summons to be issued from the Municipal Court of Cleveland to the Sheriff of Cuyahoga County who made a return of residence service, having left the summons and a copy of the petition at the defendant's residence in Shaker Heights.

The defendant thereupon filed his motion to quash service challenging the jurisdiction of the Municipal Court of Cleveland to cause service of summons to issue upon the defendant at his residence in Shaker Heights. The defendant reserved his appearance with respect to such motion to quash, solely for the purpose of presenting such motion.

The court overruled defendant's motion to quash the service of summons and granted defendant leave to plead by April 11, 1950. Thereafter the record shows that the defendant filed the following stipulations granting consent to move or plead with the Clerk of the Municipal Court of Cleveland:

| | | |
|---|---|---|
| April 11, 1950 Consent to move, plead or demurrer by | April 2, 1950 |
| April 20, 1950 Consent to plead by | May 6, 1950 |
| May 10, 1950 Consent to plead or demur by | May 27, 1950 |
| May 27, 1950 Consent to plead or demur by | June 10, 1950 |
| June 12, 1950 Consent to plead by | June 17, 1950 |

On June 14, 1950, the defendant filed a demurrer on the ground that the court did not have jurisdiction of the person of the defendant. The defendant restricted his appearance in presenting such pleading solely for the purpose of presenting his demurrer. The court overruled the demurrer on June 23, and granted defendant's leave to plead by July 3, 1950.

On July 14, the defendant secured the court's leave to plead instanter and filed an answer in which the jurisdiction of the court over the person of the defendant was challenged. The defendant also plead to the issues by entering a denial of the allegations of negligence and other affirmative allegations of

the petition, excepting only that a collision did take place on December 12, 1948 at East Boulevard and Euclid Avenue in the City of Cleveland between the automobiles driven by the respective parties.

A reply was filed to the answer on August 2, 1950.

The case came on for trial November 16, 1951, whereupon the question of the court's jurisdiction was again presented. The court determined this question in favor of the defendant by the following entry:

"Parties in court. Case dismissed for want of jurisdiction at plaintiff's costs." Filed for record Nov. 16, 1951.

The error here presented is directed to the foregoing judgment. It is the claim of the plaintiff that the defendant, by obtaining leave to plead after his motion to quash service of summons had been overruled, entered his appearance which vested the court with jurisdiction of the person of the defendant in said action.

At the time this action was filed, the jurisdiction of the Municipal Court of Cleveland in actions of this character was confined to the limits of the City of Cleveland as provided by §1579-6 GC. The plaintiff's contention seems to be that §6308 GC extends the jurisdiction of the Municipal Court of Cleveland in tort actions involving the use of a motor vehicle to actions in which service can be had on the defendant outside the limits of the City of Cleveland and within the limits of Cuyahoga County. This contention cannot be sustained. The Supreme Court of Ohio in the case of **Yontz et al v. McCutchin, 121 Oh St 143,** held, in considering the question involving the Municipal Court of Columbus, in the syllabus as follows:

"Jurisdiction is not conferred on the municipal court of the City of Columbus by §6308 GC, in an action for damages for injury due to the negligent operation of a motor vehicle in Franklin County, Ohio, where defendants reside outside of city limits, by the sheriff of Franklin County leaving a summons at the residence of such defendant, all parties to such action being residents of Franklin County."

And at page 146 the court said:

"**Sec. 6308 GC,** should be construed to enlarge the venue of a trial court when summons must be sent to another county, and it does not apply when it appears that both parties reside in the same county, the law giving full and adequate remedies in such case."

The Municipal Court was therefore in error in overruling defendant's motion to quash service. But clearly the defendant's subsequent conduct in seeking extensions of time to plead after such motion had been erroneously overruled and finally

pleading to the general issue, constituted an entry of appearance by defendant and a submission of the defendant to the jurisdiction of the court.

In 3 American Jurisprudence 794 paragraph 21 under the title "Appearances" the author says:

"The general rule is that a defendant who appears in the first instance in a cause and moves for an extension of time to plead will be considered as having made a general appearance."

And on page 795 the author continues:

"A motion for an extension of time after overruling of objection to the jurisdiction on the ground of lack of due service of process constitutes a general appearance, the effect and scope of which may not be limited by any statement on the part of counsel that he desires the record to show that his appearance is special."

In 81 A. L. R. 166, under the Annotation on the subject of "Service of Process—Appearance as waiver" at page 172, "c, After overruling of objection to jurisdiction" the author says:

"When the motion for an extension of time or for a continuance is not made until after the overruling of the objection on the ground of lack of service of process, it is generally considered that a general appearance is effected thereby * .* *."

In the case of **Brundage v. Biggs, 25 Oh St 652** at **page 656** in considering what facts would constitute a voluntary entry of appearance, the court said:

"Without therefore deciding that the service of the summons would not have been sufficient to effect her appearance for all the purposes of the suit, it seems plain to us that by applying for and obtaining leave to answer her voluntary appearance was effected."

See also: **Builders Structural Steel Co. v. Continental Cas. Co., 20 Abs 604.**

In 6 Corpus Juris Secundum, paragraph 12, Subdivision 5, the author says:

"Except where there is a statute causing the rule to be otherwise, an application for an extension of time within which to plead is generally regarded as a recognition of the jurisdiction of the court over the person so as to constitute a general appearance."

. We must conclude that the court admittedly having jurisdiction of the subject matter, acquired jurisdiction of the person of defendant by reason of his requests presented without limitation for leave to plead on five separate occasions, after the motion to quash service had been overruled and, also, in finally pleading to the issue.

The judgment of the court dismissing the action for want of jurisdiction of the defendant is reversed and the cause is remanded for further proceedings according to law. Exc. Order see journal.

HURD, J, THOMPSON, J, concur.