**BENNETT, Plaintiff-Appellee, v. RADLICK, Defendant-Appellant.**

Ohio Appeals, Eighth District, Cuyahoga County.

No. 24175. Decided October 17, 1957.

Hartshorn, Thomas, Edelman & Fludine, for plaintiff-appellee.
Paul Mancino & Frank Mancino, for defendant-appellant.

## OPINION

By SKEEL, PJ.:

This appeal comes to this court on questions of law from a judgment entered for the plaintiff on a trial of the issues of fact in the Municipal Court of Cleveland. The action is one in negligence resulting from an automobile collision between the automobiles of the plaintiff and defendant, each then and there driving his own automobile, the collision occurring in the City of Cleveland on October 16, 1956. The defendant lives in and was served by mail in the City of Euclid, Cuyahoga County, Ohio.

The defendant filed a motion to quash service of summons for want of jurisdiction of his person because the attempted service was made outside the limits of the territorial jurisdiction of the Municipal Court of Cleveland. The plaintiff claimed that by reason of §§2703.20 and 4515.01 R. C., the court had the power to acquire jurisdiction by residence service of a defendant living within Cuyahoga County but outside the territorial jurisdiction of the court.

Sec. 2703.20 R. C., has no application under the undisputed facts here presented. That section deals with service of non-resident owners of a motor vehicle who caused injury to a resident of this state while in the use of the highways of Ohio. This defendant is a resident of Cuyahoga County and is, therefore, not a non-resident of the state.

Sec. 4515.01 R. C., likewise is not applicable here. This section provides that an action may be brought in a motor vehicle collision case in the county where the injury occurred and for service of summons by the sheriff in any other county in Ohio. This section does not extend the jurisdiction of a municipal court beyond its territorial limits to include county-wide jurisdiction where the injury caused by the use of a motor vehicle occurred within its territory.

In the case of Yontz, et al, v. McCutchin, 121 Oh St 142, 167 N. E. 363, the court said:

"Jurisdiction is not conferred on the municipal court of the city of Columbus by §6308 GC, in an action for damages for injury due to the negligent operation of a motor vehicle in Franklin County, Ohio, where defendants reside outside of city limits, by the sheriff of Franklin county leaving a summons at the residence of such defendants, all parties to such action being residents of Franklin county."

Also in the case of **Barrett, et al v. Black, 66 Abs 195, 119 N. E. 2d 306**, it was held that in an action founded on an injury resulting from the negligent use of a motor vehicle, which injury occurred in Cleveland, the Municipal Court of Cleveland could not, under the authority of §4515.01 R. C. (§6308 GC), subject the defendant to the jurisdiction of such court where such defendant was served within Cuyahoga County outside the limits of the City of Cleveland even though such service was accomplished by the sheriff of Cuyahoga County.

This leaves but the single question of whether or not the defendant, after his motion to quash service had been overruled, and leave given to plead, subjected himself to the jurisdiction of the court by seeking affirmative relief in his answer, which was thereafter filed, based on the same transaction upon which the plaintiff's claim was founded.

The law of Ohio now clearly recognizes the right of one who has challenged the jurisdiction of the court over his person by a motion to quash service of summons on the ground that service has not been lawfully made or made beyond the territorial jurisdiction of the court, and where such motion to quash has been overruled, to defend on the merits without waiving his right, after judgment against him, to seek a review on appeal of the question of the court's jurisdiction over his person where such objection to the jurisdiction of the court is pleaded in the answer.

In the case of **State, ex rel. Rhodes, Aud., et al v. Solether, Judge, 162 Oh St 559, 124 N. E. 2d 411**, the second paragraph of the syllabus provides:

"2. A defendant in an action, who at the first opportunity appears only for the purpose of objecting to the jurisdiction of the court either as to subject matter or person, is not, upon the overruling of such objection, bound to rely solely upon his exception thereto but may make full defense in the action without waiving his objection as to jurisdiction, either in the trial court, the Court of Appeals, or the Supreme Court."

In the case of **Gibson v. Summers Const. Co., 163 Oh St 220, 228, 126 N. E. 2d 326, 330**, in distinguishing the case of **State v. Fremont Lodge of Loyal Order of Moose, 151 Oh St 19, 84 N. E. 2d 498**, the court said:

"It will be noted, however, that in that case the defendant pleaded to the merits of the case simultaneously with his motion to quash. This result does not obtain where the defendant, in the first instance, enters his appearance solely for the purpose of attacking the jurisdiction of the court over his person. If the motion is overruled, he may then plead to the merits and continue to protest to the court's jurisdiction. **Glass v. McCullough Transfer Co., 159 Oh St 505, 112 N. E. 2d 823.**"

There is no question but that the defendant's answer, after objecting to the jurisdiction of the court, not only denies negligence on his part in the collision between the parties, which is the basis of plaintiff's claim but also prays to recover his damage resulting from the same collision, alleging that it was caused by plaintiff's negligence. The defendant's pleading was designated "Answer and Cross-Petition."

There is much authority going to the point that a party who seeks

affirmative relief after unsuccessfully objecting to the court's jurisdiction over his person (even though such objection is continued when pleading to the merits), thereby voluntarily enters his appearance in the case. The cases cited by the plaintiff—Merchant's Heat and Light Co. v. Clow & Sons, 204 U. S. 286, and Chandler v. Citizens National Bank, 149 Ind. 601, 49 N. E. 579, with many others, are certainly to this effect.

In considering this question, little, if any, attention has been given to the rights of the defendant, rights that will be lost where he is compelled to defend himself without the right to seek affirmative relief growing out of the identical facts in a court which he claims to be without jurisdiction of his person and in which, if the plaintiff should prevail, the defendant's right thereafter to seek redress for his injuries growing out of the same incident, will be forever barred. If the foregoing authorities are correct, then a defendant, by seeking to prosecute a counterclaim based on the same facts alleged in plaintiff's petition, would be barred from challenging the jurisdiction of a court which, in fact, if such question of jurisdiction were tried might, as is true in this case, be found to be without legal authority over his person.

The confusion is unquestionably due to the failure to properly define the rights of a defendant after he has been summoned to court on the facts alleged in the plaintiff's petition. Through the years the defendant's right to seek affirmative relief has come to be recognized under three theories, set-off, recoupment and counterclaim.

In Williston on Sales, published in 1909, paragraph 605, at page 1003, the author, in defining recoupment, said:

"The right of recoupment has been much confused in our law with the rights of set-off and counterclaim, and the words are frequently used indiscriminately, but a distinction should be observed. Set-off is a statutory right and was first allowed in the reign of Queene Anne. The right was confined to cases where both the claim of the plaintiff and the cross claim of the defendant were liquidated debts. So narrow a right was frequently of little avail and modern statutes of counterclaim have much extended the right. The statutes are not identical, but allow in general a defendant to litigate in an action brought against him a cognate claim of his own, whether for a liquidated sum or not. Had these broad statutes been passed earlier there would probably have been little occasion for the development of the doctrine of recoupment, for a defendant by means of counterclaim, in most cases, can get the same redress and more than he can by means of recoupment. This, however, is not true in every case. The theory of recoupment is that the plaintiff's damages are cut down to an amount which will compensate him for the value of what he has given. * * *"

In an article published in two parts by Professor Robert B. Lowry in the University of Cincinnati Law Review (Part I is in Vol. 19 at page 311 and Part II is in Vol. 20 at page 1), the history of the right of a defendant to seek affirmative relief against the plaintiff or other defendant is considered at length. It is correctly stated in these articles that the purpose of allowing such counter action is to avoid a multiplicity of suits, and the statutes authorizing such procedure have at-

tempted to permit the parties to settle in one action as many controversies as is feasible.

Sec. 2309.13 R. C. (formerly §11314 GC), defining what shall be contained in an answer, including the right by answer to seek affirmative relief, provides:

"The answer shall contain:

(A) A general or specific denial of each material allegation of the petition controverted by the defendant;

(B) A statement in ordinary and concise language of new matter constituting a defense or counterclaim;

(C) **When a defendant seeks affirmative relief therein, a demand for such relief.**" (Emphasis added.)

Certainly the provisions of this section do not contemplate invoking the jurisdiction of the court anew by the defendant in seeking affirmative relief. Service of summons on the cross-petition is not necessary, the case proceeding as it was originally filed with the added burden of determining the issues of fact presented by the cross-petition.

Sec. 2309.16 R. C., effective and as amended September 27, 1947 (formerly §11317 GC), provides:

"A counterclaim is a cause of action existing in favor of one or more defendants against one or more plaintiffs or one or more defendants, or both, between whom a several judgment might be had in the action, and arising out of the contract or transaction set forth in the petition as the foundation of the plaintiff's claim, or connected with the subject of the action or arising out of contract or ascertained by the decision of a court. Such counterclaim shall not be limited to the amount claimed by the plaintiff, or defendant, against whom such counterclaim is asserted."

All distinctions between set-off, recoupment and counterclaim are put at rest and the term "set-off" has now been eliminated from our statutes. The statute defines the circumstances under which controversies between the parties may be presented for trial in the same action other than the case pleaded by the plaintiff. It should be noted that the statute provides that claims of the defendant growing out of the transaction set forth in the petition may form the basis for a counterclaim. Such a claim is, under the circumstances, not one that invokes the jurisdiction of the court anew but is a permissible cause of action permitted by the statute. The controversy is already before the court and the only added duty imposed by the cross-petition is to try the claim of the defendant that the negligence of the plaintiff was the proximate cause of the collision whereby the defendant was damaged.

It would be illogical to contend that a totally new case is brought into the action by the defendant's cross-petition. The evidence that will be introduced to support the cross-petition, except as might be presented to establish defendant's damage, in all reasonable probability, will be the same as that presented for defense purposes. The defendant has the right in absolving himself from plaintiff's claim of negligence to show affirmatively that the plaintiff's own negligence was the sole

proximate cause of the damage for which he prays judgment. Evidence admissible for one purpose may be considered relevant for all issues in the case.

In the case of **Hanna v. Stoll, 112 Oh St 344,** 147 N. E. 339, the court said in the first paragraph of the syllabus:

"1. In the trial of an action for damages resulting from the collision of motor vehicles at a city street intersection, the petition having averred that negligence of the defendant in the operation of his motor bus caused the collision and resulting injuries, and the defendant by answer having denied negligence upon his part and asserted that plaintiff's injury resulted solely from his own negligence, the rejection of duly enacted and existing ordinances of the city, constituting its traffic regulations, tendered by the defendant, which there was evidence tending to show defendant observed and plaintiff disregarded, is error, though such ordinances were not pleaded by the defendant."

Also, the Supreme Court in the case of **Taylor v. Cincinnati, 143 Oh St 426,** 55 N. E., 2d, 724, said in the first paragraph of the syllabus:

"1. A claim by a defendant that plaintiff's injuries were proximately caused solely by the negligent acts of a third person is but another form of a general denial. Such claim does not create a separate issue and does not furnish any basis for the application of the two-issue rule as defined in the case of **Sites v. Haverstick, 23 Oh St 626.**"

Certainly if evidence admissible to make out an affirmative defense does not require the invoking of the jurisdiction of the court anew as the basis of its admissibility, the same evidence introduced to support a counterclaim should not be held to have this effect.

To hold that a plaintiff, who brings an action involving an automobile collision where the defendant, after service of summons, claims the right to seek affirmative relief on the facts pleaded, can invoke the jurisdiction of a court of his own choosing, which the defendant cannot challenge if he files a cross-petition as provided by statute, is to deny him due process or the ordinary protection of the law. If the claims of both parties are based on the same occurrence, a judgment for the plaintiff would estop the defendant from ever again presenting his claim whether he filed his cross-petition or not. The purposes of the statutes above quoted are to broaden the scope of claims that may be tried in a single action and not to compel a party to choose between the right to a review in challenging the jurisdiction of a court he believes to be acting illegally in claiming jurisdiction over his person and the right to seek affirmative relief based on the facts pleaded by the plaintiff after the trial court has overruled his objection to its jurisdiction. The affirmative relief asked by the defendant, under the facts in this case, and the statute under which he seeks judicial determination of his rights, does not invoke the jurisdiction of the court anew, separate and apart from the jurisdiction the court claims over him by the summons which brought him before the court.

This view is strengthened by §2323.40 R. C., which provides:

"When not otherwise provided by statute, costs shall be allowed, as a matter of course, to the plaintiff upon a judgment in his favor in

actions for the recovery of money only or of specific real or personal property. If a defendant omits to set up a counterclaim he cannot recover costs against the plaintiff in any subsequent action thereon.

"This section does not apply to a counterclaim which was stricken out of or withdrawn from the answer as provided by law."

Can it be that a defendant may be penalized for not filing a counterclaim and at the same time hold that if he does, he must waive a valuable right, one even as serious as want of jurisdiction of the court over his person? We cannot support such a holding.

For the foregoing reasons, the judgment of the trial court is reversed and final judgment for the defendant for the reason that the trial court did not have jurisdiction over the person of the defendant.

Exceptions noted.

HURD and KOVACHY, JJ, concur.